0AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

SEGUNDO JUAN MAYNATO-GUAMAN, a/k/a
SEGUNDO JUAN MAINATO-GUAMAN

*Defendant*

Case No. 25-MJ-4090

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about June 25, 2025, in the Western District of New York, the defendant, **SEGUNDO JUAN MAYNATO-GUAMAN, a/k/a SEGUNDO JUAN MAINATO-GUAMAN**, an alien, who had previously been denied admission, excluded, deported, and removed from the United States, on or about November 12, 2009, was found in the United States of America, without having obtained the express consent of the Attorney General of the United States or her successor, the Secretary for Homeland Security, to reapply for admission to the United States.

**In violation of Title 8, United States Code, Section 1326.**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's Signature*

Border Patrol Agent Justen J. Silva
*Printed name and title*

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 and 4(d) before me this __26th__ day of June, 2025.

Date: __June 26, 2025__

*Judge's signature*

City and State: __Rochester, New York__

Hon. Colleen D. Holland, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF MONROE  )   ss.:
CITY OF ROCHESTER  )

Justen J. Silva, being duly sworn, deposes and says that:

1. I am a Border Patrol Agent with the United States Border Patrol in Rochester, New York. I have been employed with the United States Border Patrol for over five years.

2. As part of my duties during my employment with the United States Border Patrol, I have investigated violations of the Immigration and Nationality Act and violations of the United States Code, particularly Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

3. The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents, reports, and records gathered through the investigation of this case.

4. I make this affidavit in support of a criminal complaint charging SEGUNDO JUAN MAYNATO-GUAMAN, a/k/a SEGUNDO JUAN MAINATO-GUAMAN with a violation of Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

5. Since this affidavit is being submitted for the limited purpose of seeking a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to demonstrate that Title 8, United States Code, Section 1326 has been violated.

1

## PROBABLE CAUSE

6. Border Patrol Agents at the Rochester Border Patrol Station received information about a subject who was present in the United States illegally. The information identified MAYNATO-GUAMAN as a citizen and national of Ecuador, illegally present in the United States and possibly residing in the Greater Rochester area. Information also noted that MAYNATO-GUAMAN operates a black Kia sedan bearing New York State license plates LLS4841.

7. Based on record checks, agents were able to determine that MAYNATO-GUAMAN was previously apprehended by Border Patrol Agents in the state of Arizona and was issued an Expedited Removal.

8. On June 25, 2025, another Border Patrol Agent and I observed a black Kia sedan bearing New York State license plates LLS4841 travelling east on Brockport-Spencerport Road (Route 31).

9. While the vehicle was stopped at a red light at the intersection of Brockport-Spencerport Road and Washington Street, the other agent and I pulled to the left of the black Kia sedan in order to identify the driver. The other agent and I both verified that the driver of the vehicle appeared to match the photo we had of MAYNATO-GUAMAN.

10. We then conducted a traffic stop on the black Kia sedan being driven by the individual resembling MAYNATO-GUAMAN.

11. The other Border Patrol Agent approached the vehicle and identified himself to the driver as a United States Border Patrol Agent. He then asked the driver what his citizenship was, to which the driver responded, "Ecuador." The agent asked the driver if his name was Segundo MAYNATO-GUAMAN, to which the driver responded, "yes."

MAYNATO-GUAMAN voluntarily presented the agent with a New York State identification card which displayed the name Segundo MAINATO-GUAMAN.

12. Agent Burnett asked MAYNATO-GUAMAN if he was present in the United States illegally, to which he replied, "yes, I do not have any documents."

13. MAYNATO-GUAMAN was then detained and transported to the Rochester Border Patrol Station for further record checks and investigation.

14. A query of immigration and criminal databases associated with MAYNATO-GUAMAN's fingerprints revealed the following facts:

   a. MAYNATO-GUAMAN is a citizen of Ecuador.

   b. On November 9, 2009, MAYNATO-GUAMAN was arrested by Border Patrol Agents near Tucson, Arizona. He was processed and issued an Expedited Removal.

   c. On November 12, 2009, MAYNATO-GUAMAN was issued a Final Order of Removal. He was subsequently removed to Ecuador on December 18, 2009, through New Orleans, Louisiana.

15. There is no evidence that MAYNATO-GUAMAN received any authorization or approval from either the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States after his last removal.

## CONCLUSION

16. Accordingly, I respectfully submit that probable cause exists to believe that MAYNATO-GUAMAN did commit the offense of unlawful re-entry after deportation or removal, in violation of 8 U.S.C. § 1326, in that he, a citizen and national of Ecuador, having been issued an Order of Removal from the United States on November 12, 2009, and physically removed from the United States to Ecuador on or about December 18, 2009, was thereafter unlawfully found in the United States on June 25, 2025, without first having

3

obtained the consent of the Attorney General, or her successor, the Secretary of the Department of Homeland Security.

Justen J. Silva
Border Patrol Agent
United States Border Patrol

Affidavit submitted electronically by email in .pdf format. Oath administered and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __26th__ day of June, 2025.

HON. COLLEEN D. HOLLAND
UNITED STATES MAGISTRATE JUDGE

4